**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

JERRY W. WYRICK,
Plaintiff-Appellant,

v.

No. 98-1769

COMMISSIONER OF THE SOCIAL
SECURITY ADMINISTRATION,
Defendant-Appellee.

Appeal from the United States District Court
for the Middle District of North Carolina, at Greensboro.
 N. Carlton Tilley, Jr., District Judge.
(CA-96-1021)

Submitted: October 27, 1998

Decided: November 17, 1998

Before WILKINS and MOTZ, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Marilyn L. Allen, Greensboro, North Carolina, for Appellant. Frank
W. Hunger, Assistant Attorney General, Walter C. Holton, Jr., United
States Attorney, Mary Ann Sloan, Chief Counsel, Region IV, Dennis
R. Williams, Deputy Chief Counsel, Haila Naomi Kleinman, Acting
Branch Chief, Brian C. Huberty, Assistant Regional Counsel, Office
of General Counsel, SOCIAL SECURITY ADMINISTRATION,
Atlanta, Georgia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

This case arises from a denial of disability insurance benefits. On October 19, 1993, Jerry W. Wyrick (Wyrick), a forty-nine year old male, with an eleventh grade education and relevant work experience as a maintenance supervisor, a self-employed landscaper, and a dishwasher installer, filed an application for disability alleging disability as of May 23, 1990, due to chronic ischemic heart disease, diabetes, high cholesterol, clogged veins in his legs, and coronary artery disease. His insured status expired on March 31, 1991. Accordingly, the relevant time frame is May 23, 1990 to March 31, 1991.

Wyrick's application was denied, and after a hearing, the Administrative Law Judge (ALJ) found that although Wyrick's combined impairments were severe and prevented him from resuming his past relevant work, he had the residual functional capacity to perform light and sedentary work* and was therefore not disabled. In arriving at this conclusion, the ALJ found that Wyrick's subjective complaints of pain were not completely credible because he failed to follow his physician's prescribed course of treatment.

The ALJ then determined that an individual of Wyrick's age and education was not disabled so long as he possessed transferable skills from previous skilled or semi-skilled work experience. The ALJ relied on the testimony of a vocational expert (VE) to determine that Wyrick's prior work as a maintenance supervisor was of a skilled nature and that Wyrick possessed transferable skills due to that experience. The VE testified that Wyrick had supervised and coordinated

_____

*The ALJ found that Wyrick could perform "sedentary" and "light" work activity with the following restrictions: standing or walking not to exceed four hours a day, no exposure to dust, fumes, smoke, or temperature extremes, and no work at unprotected heights. (A.R. 23).

2

the activities of others and had developed a number of skills, including: planning and directing the work of others; working with different kinds of people in a variety of settings; knowledge of the technical details of maintenance work; knowledge of decision making that would affect work activities and the cost and safety of others involved in the work; knowledge of using charts, maps, blueprints, and plans; knowledge of using numbers to plan budgets and report results; knowledge of language to record and report plans and progress and to requisition tools, equipment, and supplies; knowledge of protecting, maintaining, and upgrading masonry, woodwork, furnishings, and utility systems of buildings; and knowledge of inspecting and examining work to ensure conformity to good standards. The VE also testified that at the light work level, positions as a sorter/pricer and shipping order clerk were available to which Wyrick's skills could be transferred. The VE further testified that at the sedentary level, thousands of positions as a contact clerk in the automobile industry, cashier checker in the retail trade industry, advertising clerk, and mail clerk existed in the national economy.

After the Appeals Council declined Wyrick's request to review the ALJ's decision and adopted the ALJ's decision denying him benefits, see 20 C.F.R. § 404.981 (West 1998), Wyrick brought an action in the district court to review the Appeals Council's decision. The case was subsequently referred to a magistrate judge who recommended affirmation. Thereafter, the district court accepted the magistrate judge's recommendation and affirmed the Commissioner's decision. This appeal followed.

This Court must determine whether the Commissioner's findings are supported by substantial evidence, Richardson v. Perales, 402 U.S. 389, 390, 401 (1971), and whether the correct legal standards were applied. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Substantial evidence is that evidence which "a reasonable mind might accept as adequate to support a conclusion." Perales, 402 U.S. at 401. The ALJ bears the ultimate responsibility for weighing the evidence and resolving its conflicts. Hays, 907 F.2d at 1456. Wyrick attributes the following errors to the Commissioner's decision: (1) the ALJ erroneously considered Wyrick's financial inability to obtain ongoing medical treatment after the expiration of his insured status to support his finding that Wyrick was not disabled; (2) the ALJ's assessment of

3

Wyrick's residual functional capacity was not supported by substantial evidence; (3) the ALJ's finding that other work existed in the national economy that Wyrick could perform was not supported by substantial evidence; and (4) the ALJ erroneously classified Wyrick as a forty-nine year old male as of the date his insured status expired. Because of these alleged errors, Wyrick asserts that the Commissioner's decision was not supported by substantial evidence.

We have reviewed the record, briefs, and pertinent case law in this matter. Our review persuades us that the district court correctly found that the Commissioner's decision denying benefits is based on substantial evidence. Accordingly, we affirm on the reasoning of the district court opinion accepting the recommendation of the magistrate judge. <u>Wyrick v. Commissioner</u>, No. CA-96-1021 (M.D.N.C. Mar. 30, 1998). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

4